# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN RODRIGUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75542

FILED

JUN 1 7 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed a timely petition on December 7, 2017, and a motion for the appointment of counsel. The district court denied the petition without appointing counsel. We conclude that the district court erred in denying the petition without appointing counsel for the reasons discussed below.

NRS 34.750 provides for the discretionary appointment of postconviction counsel and sets forth a nonexhaustive list of factors which the court may consider in exercising its discretion: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner can comprehend the proceedings, and whether counsel is necessary to proceed with discovery. Whether counsel should be appointed is not necessarily dependent upon whether a petitioner raises issues that, if true, would entitle the petitioner

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-26031

to relief. *See Renteria-Novoa v. State*, 133 Nev. 75, 77, 391 P.3d 760, 762 (2017).

Here, the factors favor the appointment of counsel. Appellant is indigent and was represented by appointed counsel in the trial proceedings. Appellant is serving a significant sentence for murder, and appellant's conviction arose from a jury trial. Appellant's ability to comprehend the proceedings is in question as appellant has limited English-language proficiency and required an interpreter in the trial proceedings. Although appellant's petition, which was prepared by an inmate law clerk, is lengthy, it is not well pleaded and appellant's claims require factual development outside the record. Because this petition is appellant's only chance to present claims of ineffective assistance of counsel without having to overcome significant procedural hurdles, the failure to appoint postconviction counsel prevented a meaningful litigation of the petition.[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

---

[2]In light of our disposition of this appeal, we need not reach appellant's arguments related to whether the court erred in disposing of his petition before allowing him to file a reply and whether the district court erred in not conducting an evidentiary hearing.

cc: Hon. Michael Villani, District Judge
Juan Rodriguez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A